IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIQUAN S. GRAYSON, | No. 2:23-CV-2859-DC-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY MAIL JAIL, et al., | |
| Defendants. | |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, ECF No. 1.

       The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is

1

1    entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply,

2    concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to

3    Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice

4    of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121,

5    1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity

6    overt acts by specific defendants which support the claims, vague and conclusory allegations fail

7    to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening

8    required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

11           Plaintiff names Sacramento County Main Jail, Officer Trammell, Officer Lewis,

12   and Officer Collins as Defendants. See ECF No. 1, pgs. 1-2. Plaintiff's complaint begins by

13   explaining he submitted a "mass amount" of grievances regarding his "life, liberty, property,

14   health, and basic necessities being denied" since August 7, 2023, some of which were pending for

15   longer than a month, leaving Plaintiff subject to the conditions of the grievance during that time.

16   See id. at 3. Plaintiff states that these grievances relate to "inhumane" conditions that violate

17   Plaintiff's Eighth, Fifth, and Fourteenth Amendment rights. Id. Plaintiff references "abuse,

18   retaliation, and negligence" which resulted in a failure to provide Plaintiff with mental health

19   protection, humane living conditions, and proper counsel. See id.

20           Plaintiff's first specific claim arose on September 11, 2023, when Plaintiff climbed

21   a beam within his unit to exercise his First Amendment right to peaceably assemble and protest

22   the "systematic oppression retaliation and living conditions." Id. at 4. In response, Defendant

23   Collins tried to pull Plaintiff of the 20-foot beam by grabbing Plaintiff's ankle which caused

24   Plaintiff to fear that if he let go with his hands, "I would have been badly injured or dead"

25   because there was no safety mat below. Id. Plaintiff asserts Defendant Collins' actions went

26   against the procedure for life-or-death situations. See id. According to Plaintiff, Defendant

27   Collins' actions resulted in a severe ankle sprain that required Plaintiff to be in a wheelchair, use

28   crutches, and then a brace for his knees and ankle. See id. The injury description is unclear about

which injuries occurred on September 11, 2023, versus those that Plaintiff suffered after, "due to the injury I sustained from Collins." Id.  Additionally, Plaintiff vaguely notes that Defendant Collins neglected Plaintiff's mental health with unprofessional conduct. See id. at pg. 3.

Plaintiff next describes a claim against Defendant Lewis for retaliation after Plaintiff filed a grievance against Defendant Lewis. See id. at 5. Plaintiff states that Defendant Lewis made false claims against Plaintiff's wife for indecent exposure that resulted in Defendant Lewis imposing a 30-day visitation ban. See id. Plaintiff asserts that officers later claimed the ban was imposed because Plaintiff's wife did not sit where she was told to during her visit. See id. Plaintiff alleges that being deprived of contact with his spouse and family resulted in increased mental health problems, including post-traumatic stress disorder (PTSD), making Plaintiff feel that suicide is the only option. See id.

Plaintiff's final claim, against unnamed individuals, is that the jail psychiatric services failed to effectively provide Plaintiff with treatment. See id. at 7. On October 6, 2023, Plaintiff was put under intensive observation after a suicide attempt. See id.  According to Plaintiff, three days after he was cleared from observation, he was dropped from the mental health treatment program with no cause. See id.  The follow ups that are required after a suicide attempt were "amended to three in total." Id. Plaintiff states he is still in general population "instead of being somewhere I can get help." Id. at pg. 8. Plaintiff concludes with the physical manifestations of his suffering mental health such as losing weight and his hair falling out. See id. In addition, Plaintiff suffers from PTSD that prevents him from sleeping but he has yet to be assessed for. Id.

## II. DISCUSSION

Plaintiff asserts four claims in the original complaint, some of which are cognizable, and others of which are insufficient to proceed.  Specifically, the Court finds that Plaintiff's claim against Defendant Collins related to the events occurring on September 11, 2023, plausibly states a cognizable Eighth Amendment excessive force claim.  The Court also finds that Plaintiff states a potentially cognizable retaliation claim against Defendant Lewis.  The Court finds, however, that Plaintiff's general claim regarding grievances filed due to "life, liberty,

1    property, health, and basic necessities being denied," as well as his more specific claim related to
2    mental health treatment, are not cognizable as currently pleaded because Plaintiff does not
3    include any specific facts to establish a causal link between the conduct of any named defendant
4    and a constitutional violation.  Similarly, Plaintiff has not alleged facts to establish a causal
5    connection between Defendant Trammell and any constitutional violation.  Finally, though
6    Plaintiff names Sacramento County Main Jail as a defendant, Plaintiff has not alleged facts
7    showing implementation of a municipal custom, policy, or practice which caused the
8    constitutional violation.  Plaintiff will be provided the option of filing a first amended complaint
9    addressing the defects outlined in this order or proceeding on the original complaint as to his
10   excessive force claim against Defendant Collins and his retaliation claim against Defendant
11   Lewis.

    **A.    Causal Link**

13            To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual
14   connection or link between the actions of the named defendants and the alleged deprivations.  See
15   Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A
16   person 'subjects' another to the deprivation of a constitutional right, within the meaning of
17   § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform
18   an act which he is legally required to do that causes the deprivation of which complaint is made."
19   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations
20   concerning the involvement of official personnel in civil rights violations are not sufficient.  See
21   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth
22   specific facts as to each individual defendant's causal role in the alleged constitutional
23   deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).
24            Because Plaintiff does not allege any facts relating Defendant Trammell to a
25   constitutional violation, Plaintiff has not stated a cognizable claim against Defendant Trammell.
26   Similarly, Plaintiff claims only generally that he filed various grievances related to the conditions
27   of his confinement.  Plaintiff has not, however, set forth any facts linking these allegations to any
28   named defendant.  Finally, as to Plaintiff's claims related to mental health treatment, like his

claims related to the conditions of confinement, Plaintiff has not alleged facts to connect any named defendant to a violation of his rights with respect to mental health treatment. Plaintiff will be provided leave to amend.

### B. Municipal Liability

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id.

Plaintiff's claim names Sacramento County Main Jail as the defendant. See ECF No. 1, pg. 7-8. Plaintiff claims that after he attempted suicide, he was denied mental health treatment without cause, Plaintiff's mandated follow-ups were reduced to just three, and he was moved into general population where he cannot receive treatment. See id. Additionally, Plaintiff asserts that he suffers from PTSD which has gone unassessed by the Jail. See id. However, the facts as alleged in the complaint are unclear if the denial of treatment was due to a policy or custom of the Sacramento County Main Jail. Therefore, Plaintiff's complaint does not raise a cognizable claim against Sacramento County Main Jail, which is a municipal entity as an arm of the county. Plaintiff will be provided an opportunity to amend.

///
///
///
///
///

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: October 31, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

6